### SANDERSON v. BIGHAM.

1. DIVISION BETWEEN DEVISEES.—Testatrix devised her homestead tract of land to S. and M., S. to have his part on the east end of the tract, starting at the river, and M. to have her part on the west end of the tract, said tract to be equally divided between S. and M., the dividing line to be run across the track so as to give S. his part bordering on the river, and to M. her part on the west and including the homestead.  *Held*, that S. and M. were entitled to a partition line that would give to each one-half of this tract in value, on the sides indicated by the will, and that an equal division by acres was not intended.

Before HUDSON, J., Florence, February, 1893.

This was an action commenced on December 31, 1892, for the partition of land devised to plaintiff and defendant by the will of their mother, who died October 11, 1890.

*Mr. W. W. Harllee*, for appellant.

*Messrs. Johnsons, DeJongh & Hanckel*, contra.

March 5, 1894.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   Mrs. Mary Bigham, of Florence County, died in 1870, leaving a will, of which her daughter, the plaintiff, and her son, the defendant, are the qualified executrix and executor.   It would seem that the plaintiff and defendant were her only children, to whom she bequeathed and devised the whole of her estate.   The second clause of her will reads as follows: "All my right, title, and interest in a portion

or tract of land, it being the tract containing the old homestead of my husband, Leonard Smiley Bigham, sr., deceased, I give to my son, L. Smiley Bigham, jr., and my daughter, Mary M. Bigham [now the plaintiff, Mrs. Sanderson]. My son, L. Smiley Bigham, jr., to have his part on the east end of the tract, starting at the Great Pee Dee River, and my daughter, Mary M. Bigham, to take or have her part or portion on the west end of said tract of land; the said tract to be equally divided between the said L. Smiley Bigham and Mary M. Bigham, said dividing line to be run across the tract so as to give the said L. Smiley Bigham his part bordering on the Great Pee Dee River, and to the said Mary M. Bigham her part on the west, and including the old homestead of the said Leonard Smiley Bigham, sr., deceased," &c. The second clause provided as follows: "I give all my right in a certain piece or parcel of land, lying on the east side of the Great Pee Dee River in Marion County, in the State aforesaid, to my son, L. Smiley Bigham, and my daughter, Mary M. Bigham, to be equally divided between them," &c.

It seems that there is no question as to how the Marion tract should be divided, but that the parties disagreed about the manner in which the homestead tract should be divided, the plaintiff insisting that the dividing line should be so run as to give each an equal number of acres, while the defendant contended that it should be so run as to give each a part, equal in value. And in order to have the will construed, the plaintiff instituted this proceeding for partition both of the homestead Florence tract and also the Marion tract. The case was heard by his honor, Judge Hudson, who decreed that it was the intention of Mrs. Bigham to give to the plaintiff and the defendant an equal share in value in both tracts of land, and ordered that a writ of partition should issue, requiring the commissioners to make partition of both tracts of land, so as to give one-half in value of each of the said tracts to each of the parties aforesaid, setting apart that portion of the tract in Florence County, on which the houses or homestead are located, to the plaintiff, *i. e.*, the west end, and that part of the same lying on the Pee Dee River to the defendant, *i. e.*, the east end, but so as to equalize

the said shares in value. The plaintiff complaining that this was error, appeals to this court upon several exceptions; but as they make but one single question, as to the proper manner of dividing the homestead, they need not be set out here.

It is contended that the question being one of intention, to be ascertained by reference to the whole will, in which the word "value" does not occur at all, the testatrix must have intended to devise to each of her children one half of the homestead tract of land, in acres by metes and bounds, without any reference whatever to the value of the respective portions, somewhat, as we suppose, in the nature of a specific devise to each. If Mrs. Bigham had so desired, she might have had the dividing line run in her lifetime, and made a separate specific devise to her children of his or her part; she, however, did not do so, but instead devised the whole tract to both. We can not see that any part of the will, or the whole taken together, would authorize the construction contended for. The granting words are: "I give to my son, L. Smiley Bigham, and my daughter, Mary M. Bigham, all my interest in the homestead tract of land, the said tract to be equally divided between them," naming them. Suppose nothing further had been said, could there be any doubt about the proper construction? for that would make, under paragraph second, precisely the case which we have under paragraph seven of the will. The words "to be equally divided" are familiar in wills, and have a settled meaning. It must be understood, that the testatrix used them in their ordinary sense, as indicating, not equality in area, but in value. Does the insertion of the other words of the second clause, in regard to the manner in which the dividing line should be run, alter the case? The directions were that "said dividing line to be run across the tract, so as to give the said L. Smiley Bigham his part bordering on the Great Pee Dee River, and to the said Mary M. Bigham her part on the west, and including the old homestead," &c. This was the only limitation prescribed for the location of that line. This can be observed by the commissioners in partition, and we do not understand that it changed the rights of the parties, as tenants in common of the homestead tract, subject to the directions aforesaid.

Equality in value can be secured by applying the doctrine of owelty of partition.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.