J. B. COLLIER ET ALS. v. HALIFAX PAPER CORPORATION ET ALS.

(Filed 20 September, 1916.)

**1. Tenants in Common—Partition of Lands—Oral Partition—Acquiescence—Estoppel.**

An oral partition of lands among tenants in common is not void, but voidable, and evidence is admissible to show ratification of the partition or conduct from which the parties seeking to disregard it should be held estopped from so doing.

**2. Same—Lapse of Time.**

Where parties seeking to avoid an oral partition of lands have lived on the portions allotted to them and peaceably and continuously accepted it for twenty years or more, they are estopped to deny its validity.

**3. Same—Executors and Administrators—Donees of Power—Married Women.**

Where the testator has conferred upon his executors the power to partition his lands among certain of his beneficiaries, they act, in making the partition, *sui juris,* as donees of such power, and where they have made an oral partition, the statute of limitations begins to run from its date, notwithstanding the fact that one of the parties was a married woman.

**4. Same—Estates—Tenants for Life—Remaindermen.**

A testator devised his lands to two of his daughters for life, and at their death to their children, upon certain contingencies, the lands to

be divided among the life tenants by the executors, who accordingly exercised the power, without writing, except that maps of the division were made by surveyors employed for the purpose. Each of the life tenants entered into and remained in possession of the lands allotted to her, respectively, for twenty years or more. *Held*, the life tenants, by their conduct, are estopped to deny the validity of the partition, which is binding upon their children and those claiming under them.

APPEAL by plaintiffs from *Stacey, J.,* at April Term, 1916, of NORTHAMPTON.

*W. L. Knight and Peebles & Harris for plaintiffs.*
*G. E. Midyette, George C. Green; Mason, Worrell & Long, and W. E. Daniel for defendants.*

CLARK, C. J. Henry Garner devised a certain tract of land to his daughter Sarah, wife of W. W. Lee, and his daughter Elizabeth, wife of W. H. Collier, "to be equally divided between them, to their use during their natural life, and at their death to their children. If either of my said daughters should die leaving no children, then the share of the one so dying to be divided equally between the children of the other, if any. If my said daughters, Sarah J. Lee and Elizabeth R. B. Collier, should die leaving no children, then the property loaned to them to go to their next of kin," and appointed them his executors.

The will was probated 31 July, 1876, and on 5 August, 1876, said executors divided said tract between them, employing the county surveyor to make a survey of the division, which appears in the record. There was no writing, unless the adoption of this plat could be so considered, and no order of court. This partition proving unsatisfactory to the parties, the executors made another division 10 March, 1877, employing a surveyor, who made a new plat, which is in the record, showing a change in the dividing line by adding to the part allotted to Mrs. Lee 40 or 45 acres. Mrs. Lee remained in possession thereof up to her death, 17 June, 1904, leaving surviving her heirs at law, under whom the defendants claim by mesne conveyances. The defendants and those from whom they purchased are and were in sole and exclusive possession claiming under said deeds and partition since 1877.

Mrs. Collier died 4 February, 1909, leaving surviving her three children, who are the plaintiffs in this action. It is true that at the time of both surveys Mrs. Collier was a married woman, but the partition aforesaid was made by the executors under the power conferred by the will, and they acted *sui juris* as donees of such power. Mrs. Collier and those claiming under her have been in continuous and exclusive possession since aforesaid partitions now nearly forty years. A parol partition is not void, but merely voidable.

It is not necessary to pass on the point whether the plat made by the

surveyors at the instance of the executors when they executed the power, conferred by the will, to make partition, and which plat was adopted by them, takes this out of the class of parol partitions. The partition is valid, since it has been acquiesced in for more than twenty years.

Treating this as an oral partition, "Any evidence is admissible which tends to show either ratification of the partition or conduct from which the parties seeking to disregard it are held to be estopped from so doing." 30 Cyc., 164.

These executors did not exercise the power hastily, but deliberately. Having made one partition in August, 1876, and one of the parties at least being dissatisfied with the partition, they made another in March, 1877, on both occasions employing a surveyor and adopting the plat drawn by them. Such partition gave them during their lives the use of the land, and it would be binding upon their children, for they were executing a power conferred by the will under which the allotment to each was to descend to their children, in the event that they had children, as they did. "A power must be executed in strict accordance with its terms; but where no mode is prescribed, or where the manner of execution is left to the discretion of the donee, he may execute it in any manner which will legally effectuate the intention of the donor." 31 Cyc., 1115.

There is no allegation of mutual mistake or fraud in the complaint, and if there was inequality in value of the lands allotted to the respective life tenants by the partition, they alone could complain of it. "Where a power is personal to the donee, it cannot be exercised by the heirs." 31 Cyc., 1111.

The plaintiffs and defendants have been in undisputed possession of the tracts as allotted by the executors, in execution of the power, in 1877. In *Rhea v. Craig,* 141 N. C., 602, it is said: "Where, after a parol partition between the tenants in common, who severally took possession, each of his part, and have continued in the sole and exclusive possession for twenty years without making any claim or demand for rents, issues, or profits by any of them upon the others, but recognizing each other's possession to be of right and hostile, the law will presume an actual ouster and a supervening adverse possession, as much so as where the possession was of the whole instead of a part only."

In *Love v. Love,* 38 N. C., 104, the Court held that while a distributive share in an estate consisting of slaves should be assigned by writing in the same manner the slaves should be, yet after the delivery of the slaves to the donees to divide them and subsequent possession by each of the parties for nearly thirty years, this possession would be an estoppel.

It must be noted here that the executors were donees of a power to divide this realty "between themselves," and "the share" of each to go

to her children. The respective shares would pass to the children, not by the allotment to them, but the division was made between the life tenants—the children succeeding to the shares so allotted. The life tenants having held more than twenty years, either would have been estopped to claim against the other, and their children hold the respective shares in the same plight. The statute began to run from the date of the execution of the power in 1877.

There is less cause of complaint in this case, for the reason that the plaintiffs, including the life tenant, through whom they claim, on 10 January, 1896, conveyed by deed pine timber on land which is a part of the tract allotted to their mother, thereby receiving the consideration from the sale of an interest in said realty. This was a ratification by them, if there was any necessity for such ratification. Also, the other life tenant, on 31 July, 1897, conveyed certain timber on the land allotted to her, her living children and the representative of her grandchildren joining in the deed. Thus there has been a ratification by both parties and a mutual estoppel. However, the lapse of twenty years was a sufficient estoppel on both parties, even if this is deemed a parol partition, notwithstanding the adoption by the executors of the plat made for them by the surveyors in making the partition above set out.

Affirmed.