This is an action to recover the value of an alleged shortage of 81 acres of land in a voluntary partition between the plaintiff and the defendant as tenants in common, tried on the following agreed statement facts:
The mother of the plaintiff and the feme defendant owned the land at the time of her death. She devised it to the plaintiff and the feme defendant, to be equally divided between them. In 1907, December 18th, the plaintiff executed a deed to the feme defendant, and the feme defendant and her husband executed to the plaintiff a deed, each deed purporting to sever the unity of possession as between them as tenants *Page 276 
in common and to convey to the grantee in each deed the land covered by the boundaries thereof. Those deeds were promptly probated and (227) registered. The boundaries of the tract in each deed were gotten from and in accordance with survey made by W. P. Massey, who was county surveyor of Wake County, but the land is all in Johnston County. The survey was made by said Massey by reason of a verbal agreement between the plaintiff and the feme defendant and her husband that he should survey the tract of land and divide it as near as could be into two parts in accordance with the provisions of the will referred to.
There was no dispute as to the boundaries of the tract as an entirety. The surveyor made his survey, made his map, and reported the division in exact accord with the boundaries afterwards adopted by the two deeds. If there was any difference in the quantity, the feme defendant had no knowledge thereof. The feme defendant furnished no data and had nothing to do with the survey. The old deed for the whole tract was furnished to the surveyor by the plaintiff and the male defendant. The feme defendant had nothing to do with directing any part of the survey, further than to furnish from her mother's old papers the old survey above referred to.
The deed from the defendant to the plaintiff contained the exact boundaries which both parties intended at the time it was written that it should contain, and the deed from the plaintiff to the feme defendant contained the exact boundaries which both sides intended it should contain at the time it was written. They were executed and respectively delivered on 18 December, 1907. Both deeds concluded the description as follows: "containing 517 acres, be the same more or less."
Neither party discovered any error, if any had been made, and made no complaint about the division until October, 1911. Each party was given right to draw, and did draw, lots for the shares they were to have.
In October, 1911, the plaintiff, Paul H. Lee, sold to the Raleigh Real Estate and Trust Company the land which had been conveyed to him by deed made by the feme defendant in the division between the plaintiff and the defendant. In that sale the plaintiff sold to the said company the land, assuming the acreage to be as stated in the deed which had been made to him by the feme defendant and her husband. The description in this deed concluded: "containing 517 acres, be the same more or less."
It is admitted that before this suit was started, and before either party had discovered any error, if any was ever made, the feme defendant and her husband had sold the land conveyed to her by the deed from the plaintiff in said division.
(228) In the fall of 1911 the Raleigh Real Estate and Trust Company had a survey made of the land which they had bought from the *Page 277 
plaintiff, and upon the strength of that survey set up the contention that the land which had been conveyed to Paul H. Lee by the partition deed contained about 81 acres less than the quantity called for in the deed to said Lee from the feme defendant and her husband, and 40.5 acres less than an equal division of the entire acreage would have entitled him to according to the contention of the plaintiff, and, further, that they had paid for 81 acres of land more than they got, and that the plaintiff, Paul H. Lee, from whom said company had bought the land, should refund to them the acreage value, which would amount to $1,534, according to the contention of said company, between said Paul, H. Lee and said Raleigh Real Estate and Trust Company.
The feme defendant and her husband were in no way connected with the sale made by Lee, the plaintiff, to the Raleigh Real Estate and Trust Company.
Without being sued by said Raleigh Real Estate and Trust Company, and accepting the survey made by said company as being correct, the plaintiff refunded, in October, 1911, to said Raleigh Real Estate and Trust Company the amount claimed by them as representing the shortage under the contract between Lee and said company.
This action was begun by the issuance of a summons 11 October, 1912. At the time of said partition the defendant was and has been ever since a femecovert.
After having refunded the alleged shortage claimed by said company, the plaintiff had some talk with the feme defendant in which intimation was made by him that there should be a readjustment of the matter. As to whether any actual demand on her was or was not made before the issuing of the summons is disputed.
The defendant ever since the action was brought have denied liability. It is contended by the plaintiff that the survey made by Massey, surveyor, did not divide the land equally according to acreage. It is contended by the defendant that it was divided correctly according to acreage, but that, in any event, whether that be true or not, it was so divided as that the part gotten by the plaintiff Lee represented half at least, if not more, in value.
The plaintiff contends that the part allotted to Lee was not half in value of the entire tract at the time of the division.
When the feme defendant sold her land the deed for same was promptly registered. The defendant, Bettie L. Montague, sold the land set apart to her by the division before she had ever heard any complaint about any alleged error. In January, 1908, the feme defendant made said sale. *Page 278 
(229) His Honor held that the plaintiff was not entitled to recover, and entered judgment accordingly, and the plaintiff excepted and appealed.
The plaintiff and the defendant were tenants in common of the land devised to them by their mother, and equality of division and partition could only be had upon the basis of the value of the land and not of the number of acres. Revisal, sec. 2491; Sanderson v. Bigham, 40 S.C. 501;Howard v. Howard, 19 Conn. 317.
It follows, therefore, that there is no error in the judgment pronounced as there is neither allegation nor proof that the land conveyed to the plaintiff by the defendant is not equal in value to the land conveyed to the defendant.
The authorities relied on by the plaintiff are not pertinent to the present inquiry, as they are cases in which the owner of the property directed a division to be made by the acreage and not by value.
Affirmed.
Cited: Moore v. Baker, 224 N.C. 502.