13544

GRAHAM *ET AL.* v. GOFORTH *ET AL.*

(167 S. E., 404)

*Messrs. Lee & Moise,* for appellant,

*Messrs. H. E. Davis, W. H. Bridges* and *Samuel Want,*
for respondent,

December 29, 1932.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the Court of Common Pleas for Florence County, February 10, 1930, is a suit for partition of a tract of timber in said county, and, based on an alleged contract with the defendant Forester Lumber Company in the event the said contract is found by the Court to be fair and reasonable, for the purpose of having the Court execute unto the said Forester Lumber Company "a deed for the interest of any of the owners of such timber who refuse to execute a deed conveying such interest," and for the purpose of having the rights of all parties to the cause adjudicated as to the matters involved in the suit. It appears from the transcript of record that the defendants Mrs. Hester G. Goforth, W. Marshall Bridges, as trustee, and as agent and receiver, and the Forester Lumber Company filed answers to the complaint, but no answer was filed by the defendant Mrs. Lucile J. Graham. Whether the other defendants, who are judgment creditors, filed answers or not the record does not disclose, but it is not material for the reason that their interest in the suit is not involved in the appeal to this Court. By consent order of reference, issued by Judge S. W. G. Shipp, dated May 13, 1930, the case was referred to H. A. Brunson, master of Florence County, to take the testimony and report the same to the Court "with all convenient speed." The said master held references in the cause June 30, 1930, and July 15, 1930, at which references testimony was taken, which was duly reported to the Court, and the cause was heard by his Honor, Judge Shipp, August 13, 1931, on the testimony and pleadings in the case. Thereafter, Judge Shipp issued a decree in the case, dated October 5, 1931, from which the defendant Forester Lumber Company has appealed to this Court. None of the other parties to the cause appealed.

For the purpose of a clear understanding of the issues involved, we quote herewith the complaint and the answer of the Forester Lumber Company, as follows:

## COMPLAINT

"1. That on the 4th day of June, 1926, R. H. Graham, of Florence County, South Carolina, departed this life leaving a last will and testament, which was duly admitted to probate in the office of the Judge of Probate for Florence County, South Carolina, on June 16, 1926, as appears from the record in the Probate Roll No. 2052 in said County.

"2. That the said R. H. Graham left surviving him nine children, to-wit: the plaintiffs C. E. Graham, H. M. Graham, O. H. Graham, H. B. Graham, John Y. Graham, Dessie Z. Graham, Mary J. Graham, and Sarah R. Graham, and the defendant Mrs. Hester G. Goforth; and that by Item Four of his said last will and testament, the said R. H. Graham devised and bequeathed in equal proportions to his said nine children all of the timber located on a tract of land known as his home place, situated in Florence County, South Carolina, containing two hundred and forty-five (245) acres, more or less, and bounded now or formerly as follows: On the North by lands of Tillman Lee and M. W. Dennis, on the East by lands of N. M. Graham and S. I. Graham and Mrs. W. J. Willoughby, on the South by lands of R. E. Rodgers, the run of Lynches Lake being the line, and on the West by lands of Matthews, Rodgers, and others.

"3. That said tract of timber is incapable of being divided in kind among the parties in interest, and all of the owners thereof except the defendant Mrs. Hester G. Goforth have agreed to sell such timber to the defendant Forester Lumber Company, a corporation under the laws of South Carolina, for the sum of Eighteen Thousand ($18,000.00) Dollars, which they allege is a fair price therefor; that the said Hester G. Goforth has refused to sign a contract to convey her interest in said timber to said Forester Lumber Com-

pany, and that by reason thereof, the plaintiffs are unable to make a private sale of the timber to said company.

"4. That the defendants W. Marshall Bridges as Trustee for H. M. Graham and as Agent and as Receiver of Peoples Bank of Scranton, Mrs. Lucile J. Graham, D. W. Alderman, Jr., Z. C. Lynch, Plough Chemical Company, a corporation duly organized by law, A. H. Andrews Company, a corporation duly organized by law, Merchants Specialty Company, a corporation duly organized by law, and American Agricultural Company, a corporation duly organized by law, each has or claims some interest in said timber, and for that reason they are made parties to this action.

"Wherefore, plaintiffs pray that the said tract of timber be sold for partition, and that if it be found that the contract proposed to be entered into with Forester Lumber Company is fair and reasonable, the Master of this Court, in carrying out such partition, be authorized to execute to such company a deed for the interest of any of the owners of such timber who refuse to execute a deed conveying such interest; that the rights of each of the parties hereto in the fund arising from such sale be established; and that the parties have such other and further relief in the premises as may be just and equitable."

## ANSWER OF FORESTER LUMBER COMPANY

"1. That it has no information or knowledge sufficient to form a belief as to the truth of the allegations contained in said complaint, except so much thereof as is hereinafter specifically admitted.

"2. That it admits that heretofore, on or about the——day of December, 1929, for and in consideration of the sum of One Thousand ($1,000.00) Dollars deposited in the First National Bank of Florence, S. C., it obtained an option for the purchase of all the pine trees and pine timber ten inches stump diameter twelve inches from the ground, and also all the maple and poplar trees and timber twelve inches

stump diameter eighteen inches from the ground on the tract of land referred to in said complaint; said option being for the term of forty-five days, and a copy of said option being hereto attached as Exhibit 'A,' and made a part of this answer to the same effect as though the same were fully set forth and incorporated herein.

"3. That this defendant is now, and has been at all times since the date of the execution .of said option, ready and willing to comply on its part with all of the terms and provisions thereof, but that this defendant has not been tendered a good and sufficient fee simple title to said timber conveying all of the interest in said timber free of liens and incumbrances.

"4. That this defendant is still ready and willing to accept a good, valid and sufficient fee simple title to said timber and timber rights, rights of way, privileges and easements as are set forth in the aforesaid option, and to pay the balance of the purchase price named in said option, provided such conveyance can be made and delivered to this defendant within a reasonable time, to-wit, *a period of ninety days from date of this answer* (italics added); but that if the owners of said timber are unable within said time to so execute and deliver to this defendant such timber deed, then, this defendant desires that it be relieved from compliance with the terms of said option and that the said sum of One Thousand ($1,000.00) Dollars heretofore paid on account thereof be returned to this defendant and that it thereafter be relieved and discharged from any and all liability under or by reason of the aforesaid option agreement.

"Wherefore, the defendant, Forester Lumber Company, prays that its rights and interest herein be fully protected and that it have such other and further relief as may be just and equitable.

"(Attached. to said answer as a part thereof was a copy of the option contract.)"

By Judge Shipp's decree, in which his Honor discussed the facts and questions involved at length, which decree will be reported with the case, his Honor adjudged and decreed that the Forester Lumber Company was bound to accept a deed for the timber in question and to pay therefor the sum of $18,000.00, the amount stated in the alleged agreement. In appellant's exceptions several questions are raised, but the main contention of the appellant is that the deed for the timber was not tendered within ninety days from the filing of its answer in the case. At the first reference in the case the appellant made known its contention. At that reference the following occurred: "Plaintiffs offered in evidence original contract between C. E. Graham et al., and Forester Lumber Company, introduced and marked Exhibit 'A.' Mr. Lee objects to the introduction of the contract, on the ground that being a mere option and the option having expired, and the Forester Lumber Company having set up in its answer that unless a good and sufficient fee simple deed to the timber therein described, conveying all of the interest in said timber free of liens and incumbrances, was tendered within ninety days from February 24, 1930, it was to be relieved from compliance with the option and the $1,000.00 heretofore paid to be returned, it should be henceforth discharged from any liability to comply."

While we are unable to agree with his Honor, Judge Shipp, as to all inferences drawn from the testimony, as set forth in the decree, especially with reference to failure of appellant's counsel to co-operate in getting a speedy determination of the case, we think, under the testimony in the case and the surrounding circumstances, his Honor properly adjudged that appellant should accept the deed to the timber and pay the amount directed. We may also state it is our opinion that, so far as the record discloses, the appellant sustained no injury on account of the failure to get an earlier adjudication of the matters involved which could

be said, under the proof, to be chargeable to the plaintiffs or their attorneys.

It is, therefore, the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.