E. N. MOORE AND WIFE, FLORENCE W. MOORE, H. B. MOORE AND WIFE, ESTHER R. MOORE, BETH MOORE HUNTER (WIDOW), SALLIE H. LEGGETT AND HUSBAND, L. W. LEGGETT, ELIZABETH HYMAN (UNMARRIED), EMILIE HYMAN (UNMARRIED), W. D. HYMAN AND WIFE, HILDA E. HYMAN, AND E. P. HYMAN AND WIFE, BESSIE E. HYMAN, v. MARTHA NORMAN (PATTIE) BAKER (WIDOW), SALLIE BAKER EVERETT AND HUSBAND, B. B. EVERETT, AND JOHN B. CHERRY, AND SUSIE HYMAN BOWDEN.

(Filed 11 October, 1944.)

1. **Partition §§ 1a, 4a—**

Ordinarily, remaindermen are not bound by a partition by the life tenants alone. But when the life estates are created by will and the power to partition is vested in the first takers or executors and the respective shares of the life tenants pass to the children of the first taker, the remaindermen are not necessary parties to a partition proceeding.

2. **Partition §§ 10, 11: Wills § 34—**

When a will provides for partition among life tenants and the respective shares of the life tenants pass to their children, a partition by court proceeding is not essential, and the assessment of an owelty charge against one share in favor of another is not a fatal departure from the power conferred by the will. Whether the executors or life tenants are the donees of the power to divide is immaterial, where the sole surviving executor was a party to the partition deed of the life tenants.

3. **Partition § 10: Wills § 34—**

Where the partition of lands, authorized by a will, was made by deed of the sole surviving executor and the life tenants named in the will, the children of each life tenant taking their parents' share as remaindermen, and no complaint is voiced for sixty years, protest by remaindermen is too late.

APPEAL by plaintiffs from *Bone, J.*, at June Term, 1944, of HALIFAX. No error.

Petition for partition in which the defendants Everett pleaded sole seizin, here on two former appeals, *Moore v. Baker*, 222 N. C., 736; *ante*, 133.

S. R. Spruill, a resident of Halifax County, died in the year 1877 seized and possessed of real property located in Halifax, Martin, and Bertie counties. He left a last will and testament, the material part of which reads as follows:

"I give, devise and bequeath the whole of my estate, both real and personal to my three daughters, Frances Elizabeth, Martha Norman and Susan Amelia, during the time of their natural lives.

"No part of my estate is to be divided until the marriage of all of my three daughters, or in case of the death of one before marriage, then upon the marriage of the others. When the last one shall be married my estate shall be divided between my said daughters who may then be living, and the issue of such as may then be dead leaving issue, the said issue to take *per stirpes* and not *per capita*. The share of each one of my said daughters shall upon her death go to her children and their heirs absolutely. Until the marriage of the last one of my said daughters my estate shall be held as common stock."

The will designated the three daughters and John H. Everett as the persons to make settlement of testator's estate. The daughter Frances Elizabeth and John H. Everett qualified. John H. Everett died 2 October, 1882, leaving Frances Elizabeth as the sole surviving executrix.

Frances Elizabeth married E. P. Hyman in 1879. She died in March, 1936, leaving surviving six children, the plaintiffs, Sallie H. Leggett, Elizabeth Hyman, Emilie Hyman, W. D. Hyman, and E. P. Hyman, and the defendant, Susie Hyman Bowden.

Susan Amelia married H. B. Moore in 1879. She died 6 February, 1935, leaving surviving three children, the plaintiffs, E. N. Moore, H. B. Moore, and Beth Moore Hunter.

Martha Norman married L. J. Baker in 1881. She died after the institution of this action, leaving surviving one child, the defendant Sallie Baker Everett.

The three daughters having married prior to 22 December, 1882, they, with the joinder of their respective husbands, on said date executed a deed of partition in which reference was made to the will of S. R. Spruill and the directions for partition therein contained. The property allotted to Martha Norman Baker was made subject to an owelty charge of $100 in favor of Frances Elizabeth Hyman and an owelty charge of $1,800 in favor of Susan Amelia Moore. The share allotted to Susan Amelia Moore was subject to an owelty charge of $100 payable to Frances Elizabeth Hyman. Each daughter went into possession of the share thus allotted to her.

Frances Elizabeth Hyman and her husband conveyed the share allotted to her to L. J. Baker and R. E. Robertson by deed dated 2 January,

1911.  Her children joined in the execution of the deed.  Her youngest child became twenty-one years of age in 1917.  Later R. E. Robertson conveyed his one-half interest therein to L. J. Baker, father of the defendant Sallie Baker Everett.  She, as his sole surviving child, inherited the property.  Susan Amelia Moore and her husband conveyed the land allotted to her to John A. Grant by deed dated 8 December, 1904.

This proceeding was instituted 4 February, 1942.  While all the land of which S. R. Spruill died seized and possessed is described in the petition, neither the grantees of Frances Elizabeth Hyman and husband nor the grantees of Susan Amelia Moore and husband are made parties to the proceeding.

The defendants Everett, answering the petition, pleaded sole seizin under the deed of partition and by adverse possession.  They likewise pleaded the twenty-year statute of limitations and laches on the part of the plaintiffs.

When the cause came on for trial in the court below, issues were submitted to the jury as follows:

"1. Are the defendants, B. B. Everett and wife, Sallie Baker Everett, solely seized of the lands set out and described in subsections 1 and 2 of the petition, as alleged in the Answer?

"2. Is plaintiffs' action barred by the twenty year statute of limitations, as alleged in the Answer?

"3. Are the plaintiffs estopped by their laches and conduct from maintaining this action, as alleged in the Answer?"

The court below gave a peremptory instruction in favor of the defendants upon each of the issues submitted.  The jury answered each issue "yes."  There was judgment on the verdict and plaintiffs appealed.

*I. T. Valentine, in absentia, and Wilkinson & King for plaintiffs, appellants.*

*Irwin Clark, R. O. Everett, and Albion Dunn for defendants, appellees.*

BARNHILL, J.  While the petition describes all the land of which the testator died seized and possessed, it does not appear that those now in possession of the tract allotted to Mrs. Moore were made parties to this proceeding.  Defendant Sallie Baker Everett is now in possession of the Hyman share.  So that in fact this proceeding is prosecuted for the purpose of asserting title as tenants in common to the Martha Norman Baker and the Hyman parcels as described in the partition deed.

Plaintiffs, remaindermen, were not parties to the partition deed executed by the life tenants.  It does not appear that any of them were

*in esse* at that time.   Certainly most of them were still unborn.   Are they bound by the partition deed and now estopped thereby to assert title to the land in controversy?   This is the primary question presented on this appeal.

Ordinarily, remaindermen are not bound by a partition by the life tenants alone.   But when the life estates are created by will and the power to partition is vested in the first takers or executors and the respective shares of the life tenants pass to the childern of the first taker, the remaindermen are not necessary parties to the partition proceeding.

We are constrained to hold that the facts appearing on this record invoke the application of the latter rule.   *Collier v. Paper Corporation,* 172 N. C., 74, 89 S. E., 1006; *Interior & W. V. R. Co. v. Epling,* 73 S. E., 51 (W. Va.); *Lamkin v. Hines Lumber Co.,* 124 S. E., 694 (Ga.).

In the devise to his daughters for life with remainder to the children of each *per stirpes,* testator provided that: (1) the property was not to be divided but was to be held as common stock during the spinsterhood of the daughters or either of them; (2) upon the marriage of the last daughter the property was to be divided; (3) upon the death of either daughter, her share was to go to her children and their heirs absolutely. *Greene v. Stadiem,* 198 N. C., 445, 152 S. E., 398.

Thus there was a specific direction for a division at a specified time coupled with the gift.   The division was to be had upon the marriage of the last daughter—a time when it was impossible to ascertain who might take in remainder.   The children of each daughter were to take her share.   The respective shares in severalty were to pass to the children of the first taker.   The division was to be made among the life tenants and the children succeeded to the shares so allotted.   *Collier v. Paper Corporation, supra.*

"The will gave to each daughter a life estate in the parcel that should fall to her in the equal division which the testator directed should be made among them.   As to the parcel so allotted each daughter for life, her children were to take in remainder. . . . And clearly, those remainders reasonably refer to the parcels of land as allotted to the daughters." *Interior & W. V. R. Co. v. Epling, supra.*

Whether the executors or the life tenants are the donees of the power to divide is, on this record, immaterial.   The sole surviving executrix was a party to the partition deed which made specific reference to the directions contained in the will.   The deed was likewise executed by each of the life tenants.

It was not essential that the partition be had by court proceeding. Partition by deed is a recognized method of effectuating a separation of interest in property held in common.   *Collier v. Paper Corporation, supra.*

Nor was the assessment of an owelty charge against one share in favor of another a fatal departure from the power conferred in the will. The will contemplated an equal partition according to value. *Lee v. Montague,* 173 N. C., 226, 91 S. E., 834. Oftentimes such cannot be had in kind without injury to the parties. Equality in value must be afforded by the assessment of an owelty charge. G. S., 46-10 (C. S., 3222). There is no allegation or proof of mutual mistake or fraud. Hence, if there was inequality in value of the lands allotted to the respective life tenants by the partition, they alone could complain of it. *Collier v. Paper Corporation, supra.* The children of each take what their mother agreed to accept.

The partition was had in 1882. Each life tenant immediately entered into possession of the share allotted to her. No protest or complaint was voiced by either of them. Protest now by the remaindermen, sixty years after the partition, comes too late, if, indeed, the right of protest ever rested in them.

Plaintiffs have little cause to complain. The Hyman children executed a deed to the share allotted to their mother. The youngest Hyman child became of age in 1917. No one of them sought to disavow the validity of their deed before the institution of this action. Thus they ratified the partition agreement. The Moore children, knowing that their mother had conveyed the parcel received by her, delayed action after her death until any possibility of bringing that share into hotchpot to assure a present equal partition had expired. "We waited until the last minute before seven years ran out" after the death of the mother. Even then they did not make the mother's grantee a party to the proceeding. Their present position is untenable and could not be sustained in any event.

The court below, in its charge, correctly construed the rights of the parties. The verdict and judgment must be sustained.

No error.