## 16940

GLEN PLUMMER, Respondent, v. WALTER PLUMMER, Appellant

(85 S. E. (2d) 189)

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Appellant,*

*Messrs. Sam Rogol* and *LeRoy M. Want,* of Darlington, *for Respondent,*

December 14, 1954.

OXNER, Justice.

This action was brought to determine the boundary line between the property of respondent Glen Plummer and appellant Walter Plummer. The only issue presented by the appeal is the construction of the following devise to these parties in the will of their father, W. T. Plummer:

"I will, devise and bequeath unto my sons Walter Plummer and Glen Plummer, the tract of land known as the home place, consisting of sixty-three (63) acres, more or less, share and share alike, which shares I have determined and have by deeds conveyed each share to them * * *."

The will was executed on May 27, 1937. The testator died on November 10, 1952. The item in controversy must be construed in the light of the following background:

In a prior will executed on October 11, 1933, the testator devised the same tract of land to appellant and respondent in the following language:

"I will, devise and bequeath to my sons Walter Plummer and Glen Plummer, the tract of land known as the home place, consisting of sixty-three acres, more or less, share and share alike, which I have already deeded to them."

Both of the foregoing wills contain several devises of real estate to other members of the testator's family and in each instance he referred to the fact that a deed had been previously made in accordance with such devise.

On October 9, 1933, two days prior to the execution of the first will, the testator executed a deed to respondent, upon which his wife duly renounced dower, purporting, in consideration of five dollars and love and affection, to convey to him 32 acres of land, more or less, the grantor reserving a life estate. It contained the following preamble:

"I, W. T. Plummer, of Lamar, Darlington County, South Carolina, realizing the uncertainty of life, and being desirous of conveying to my children and heirs, that part of my real estate or lands that I intend that such child or heir shall receive, the said lands to vest in said child or heir after my death, and I, the said W. T. Plummer to have and enjoy a life estate therein so long as I shall live, have herein and in other conveyances of this date conveyed my lands or real estate to my children and heirs, *in the acreage and description* that I intend that each child or heir shall receive." (Italics ours.)

On the same date he executed a similar deed to appellant, containing substantially the same preamble, purporting to convey 32 acres, more or less. In each of the deeds mentioned the land was described in general terms by boundaries and clearly indicated that respondent was to have the northern part of the tract and appellant the southern part.

After the death of the testator on November 10, 1952, the deeds to respondent and appellant, along with the two wills, were found among his papers. The deeds to appellant and respondent were recorded by them on November 25, 1952, or about two weeks after their father died. It is con-

ceded that these deeds, having not been delivered, were insufficient to convey title.

In December, 1952, appellant instituted an action against respondent for partition in which he alleged that the deeds should not be construed as a part of the testator's will. In an order filed on March 21, 1953, the construction advanced by appellant was rejected and the Court concluded that the deeds should be construed as a part of the will of the testator and as determining the interest which each party should take thereunder. In this order it was stated:

"The will of the late W. T. Plummer clearly sets forth that he had determined the interest the plaintiff and the defendant should have in the lands referred to in the will by deeds which he had executed. The deeds executed by the said W. T. Plummer referred to the will and sets forth that the deeds contain lands in the acreage and description that the testator intended each child to receive."

In the foregoing action the Court did not attempt to settle the boundary lines between the parties.

A survey of the lands made on February 19, 1953, disclosed that the tract contained 70.38 acres instead of 63 acres as mentioned in the will. Thereafter on October 22, 1953, the instant action was commenced. It seems to be undisputed that a division of the property by an east-west line into two tracts of equal acreage would not constitute an equal division by value. Appellant contends that the division of the tract should be made on the basis of value while respondent contends, and the Court below held, that it was the intention of the testator that the tract should be divided according to acreage and that the descriptions set forth in the two deeds should be considered and followed in the division of the land.

It would seem that the entire controversy now presented was settled by the order in the first action, from which there was no appeal. In any event, however, it was there definitely adjudicated that the deeds should be construed as a part of

the will. When so considered, we think it is clearly shown by the will that the testator intended each son to get 32 acres, which he thought represented one-half of the entire tract, described by him as containing 63 acres. Indeed, in the preamble to each of these deeds, he states that he is making conveyances to his children *"in the acreage* and description that I intend that each child or heir shall receive." (Italics ours.) And in the will he gives to appellant and respondent said 63 acres tract "share and share alike, which shares *I have determined and have by deeds conveyed each share to them."* (Italics ours.) It is thus evident the testator meant that each son was to have an equal share in acreage and the deeds to which he referred show that respondent was to have the northern part of the tract and appellant the southern part.

The fact that it now develops that there are 70.38 acres in this tract of land does not affect the foregoing conclusion. Whatever the acreage may be, it was intended that each son should receive one-half thereof.

It was stated in oral argument that if the division is by acreage, the share of respondent will be much more valuable than that of appellant due to the fact that most of the timber is on the northern half. But if, as we have held, the testator intended a division according to acreage, we are not at liberty to substitute an intent to divide according to value because of the fortuitous circumstances, probably not anticipated by the testator, that in recent years there has been a marked advance in the price of timber.

Our attention is called to the case of *Sanderson v. Bigham,* 40 S. C. 501, 19 S. E. 71, in which the Court construed a devise of a tract of land to a son and daughter, "to be equally divided between" them as indicating "not equality in area, but in value." This case was cited with approval in *Lee v. Montague,* 173 N. C. 226, 91 S. E. 834, and *Graham v. Goforth,* 168 S. C. 203, 167 S. E. 404. It is argued that the phrase "share and share alike" used by the testator in the instant case contains words of like import and should be

similarly construed. Assuming that ordinarily such is the proper construction, we are not at liberty to disregard the clear and unambiguous super-added phrase wherein the testator refers to the deeds made by him, which the Court held in the first action must be considered a part of the will. In other words, the testator by the deeds has given his own definition of the phrase "share and share alike," which must be given effect.

Affirmed.

BAKER, C. J., and STUKES, TAYLOR and LEGGE, JJ., concur.