JOANOS, Judge.
Charles Barnett (Charles) appeals a final judgment dismissing his complaint and finding that William R. Barnett (William) acted as a prudent trustee, that there was no underdistribution to Charles Barnett or no overdistribution to the other beneficiaries. We agree and affirm the trial court’s judgment.
William was trustee to the Barnett trust established by Charles’s grandfather Bion Barnett (Bion). The trust provided that upon termination, the then-existing trust assets would be distributed in four equal shares to Bion’s surviving children. Barnett Bank stock comprised the bulk of the trust. There was a provision that should a child not survive until the termination of the trust, that child’s surviving blood issue would take the one-fourth share. Should the child die without surviving blood issue, the one-fourth share would be divided among Bion’s other surviving children or their blood issue. The trust was extended past its original termination date to continue until the death of the last surviving child. At the time the trust terminated, it was judicially determined that Charles was not a blood issue and that the trust should be distributed free of any claim by Charles. Upon the trust’s attorney’s advice, William divided the trust into four equal shares in kind and distributed three of the shares to the undisputed beneficiaries. The fourth share was held in trust pending the outcome of Charles’s appeal. William also kept upward of $55,000.00 in a non-interest bearing checking account to meet possible litigation expense. By the time Charles was determined to be a blood issue,[1] the value of the Barnett Bank stock held by William had dropped from $48/share, when it was distributed to the undisputed beneficiaries, to $22/share. During the litigation, the stock price had fluctuated between $60/share and $9/share.
*898 Charles contends that William underdis-tributed Charles’s share of the Barnett trust and breached his fiduciary duty by holding trust assets of stock in a falling market and by holding upward of $55,000.00 in a non-interest bearing checking account.
When a trust contains fungible property, there’s a reasonable inference of in-kind distribution. Scott on Trusts, § 347.2 (3d ed.1967). The Barnett trust consisted of shares of various corporations and William was authorized to make an in-kind distribution. There was no error in the trial judge’s apparent determination that William’s dividing the trust assets into four equal parts, distributing the three undisputed shares and retaining the disputed share were reasonable actions, considering the trust had terminated and Charles’s inevitable appeal.
Charles cites numerous cases in which valuation was required at distribution.[2] However, in those cases valuation was necessary due to the diversified assets involved. Such valuation is not required here as the stock could be equally divided without reference to value. The trial court did not err in concluding that Charles received his equal share of the Barnett trust.
Under the exculpatory provision of the Barnett trust, William could be held liable only for willful negligence, default, malfeasance or misfeasance, and not for honest errors of judgment made in good faith. William’s holding the Barnett Bank stock in a declining market would not be in bad faith considering the tradition of holding Barnett Bank stock in the trust since its inception. Charles would have us reverse and hold William liable for not knowing when to sell high. This we cannot do as the record supports the trial court’s contrary conclusion. Also, William’s holding cash in a non-interest bearing checking account would not be in bad faith considering the probability of litigation expenses. Under the circumstances, the trial judge could con-elude that William acted as a reasonable, prudent trustee. He is, therefore, not liable for the drop in stock value or the mistake in business judgment which caused a loss of interest.
Accordingly, the final judgment is AFFIRMED.
LARRY G. SMITH and SHAW, JJ., concur.

. Knauer v. Barnett, 360 So.2d 399 (Fla.1978).

. Boston Safe Deposit and Trust Company v. Stone, 348 Mass. 345, 203 N.E.2d 547 (1965); Sanderson v. Bigham, 40 S.C. 501, 19 S.E. 71 (1894); Moore v. Baker, 224 N.C. 498, 31 S.E.2d 526 (1944); In Re Will of Wickman, 289 So.2d 788 (Fla. 2d DCA 1974).